CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

for Roanoke

JUL 15 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Criminal Action No. 4:05-cr-00014** |
| | ) | **Civil Action No. 4:08-cv-80046** |
| | ) | |
| **v.** | ) | <u>**2255 MEMORANDUM OPINION**</u> |
| | ) | |
| | ) | **By: Hon. Jackson L. Kiser** |
| **JAMES ANTHONY GRAVELY.** | ) | **Senior United States District Judge** |

Petitioner James Anthony Gravely, a federal inmate proceeding through counsel, brings this action as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Gravely alleges in his § 2255 motion that his guilty plea was not knowing or voluntary and contends that he is actually innocent of a charge to which he pleaded guilty. Respondent filed a motion to dismiss and the matter is now ripe for disposition.[1] Upon review of the submissions of the parties and the underlying criminal record, Criminal Case No. 4:05-cr-00014, the court finds that Gravely waived his current claims in his plea agreement. Accordingly, the court finds that respondent's motion to dismiss must be granted.

## I.

On March 15, 2005, Gravely was named in a criminal complaint in the Western District of Virginia. On April 14, 2005, Gravely was named in a four-count indictment. On June 2, 2005, a twelve-count superseding indictment was filed that charged Gravely with knowingly and intentionally distributing and possessing with the intent to distribute a measurable quantity of a mixture or substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts One, Two, Four, Five, Six, Eight, Nine, Ten); knowingly using and carrying a firearm during and

---

[1] The court notes that the government's motion to dismiss was filed on June 10, 2008, and Gravely has not responded. However, the time for a response has now expired.

in relation to, and possessing a firearm in furtherance of, and aiding and abetting in the use and the carrying of a firearm during and in relation to, and in the possession of a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Three, Seven, and Eleven); and a forfeiture allegation (Count Twelve). On August 8, 2006, pursuant to a written plea agreement, Gravely pleaded guilty to Counts One and Three of the superseding indictment. The remaining counts were dismissed pursuant to the plea agreement.

The Presentence Investigative Report ("PSR"), ordered subsequent to Gravely's guilty plea, determined that, based on 61.86 grams of cocaine, Gravely's base offense level was 16. Gravely's base offense level was increased by two levels because of his role in the offense, but decreased three levels because of his acceptance of responsibility. Based on a total offense level of 15 and a criminal history category of I, the guideline range for imprisonment was determined to be 18 to 24 months. However, the plea agreement included a specific sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that departed from the applicable guideline range for justifiable reasons, thus, the sentencing range was determined to be 144-180 months. The PSR recommended a sentence of 144 months. By final judgment order, entered April 9, 2007, the court sentenced Gravely to 84 months incarceration as to Count One and 60 months incarceration as to Count Three, to be served consecutively, resulting in a total term of 144 months incarceration.

Gravely did not appeal his conviction or sentence and filed the current § 2255 motion on April 7, 2008, alleging (1) that his guilty plea was not knowingingly, voluntarily, and intelligently made and (2) that he is actually innocent of Count Three of the indictment in light of Watson v. United States, 128 S. Ct. 579 (2007).

## II.

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (2006). Gravely bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

## III.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Waivers of collateral review are analyzed under a two-part analysis in which both the validity and the scope of the waiver are considered. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (holding that a waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver). The validity of a waiver "depends on whether the defendant knowingly and intelligently agreed to waive the right." Id. at 731-32. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22; see also United States v. Brown, 232 F.3d 399, 405-06 (4th Cir. 2000) (holding that a defendant's statements during the plea colloquy and evidence that he

3

discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid). If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Lemaster, 403 F.3d at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy – specifically, whether the district court questioned the defendant about the . . . waiver – the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting United States v. General, 278 F.3d 389, 400 (4th Cir. 2002)). Thus, the determination "'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

That does not end the inquiry, however. The court must also consider the scope of the plea agreement waiver: that is, whether it prevents the court from considering the particular claims the defendant asserts in his § 2255 motion. The United States Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal rights. Issues that a defendant could not reasonably have foreseen when entering into a plea agreement, such as the denial of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on a constitutionally impermissible factor such as race, fall outside the scope of the

4

waiver.[2] Attar, 38 F.3d at 732; United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); see also Blick, 408 F.3d at 169-71. Thus, in addition to evaluating the validity of Gravely's guilty plea and waiver of § 2255 rights, the court must determine whether his § 2255 claim falls within the scope of that waiver.

Here, the record fully establishes that Gravely knowingly and intelligently entered a valid guilty plea and waived his right to collaterally attack his sentence, including any proceeding brought under § 2255. In his plea agreement, Gravely acknowledged that counsel informed him of the nature of the charges and the elements of the charges and that he "had all of [his] rights explained," but that he was "knowingly waiv[ing] and giv[ing] up these valuable constitutional rights." (Plea Agreement at 2.) Moreover, Gravely specifically agreed to "waive [his] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the Court." (Plea Agreement at 5.) The language and meaning of the § 2255 waiver is clear and unmistakable, and both Gravely and his attorney represented by their initials and signatures on the plea agreement that Gravely had been fully advised of, and understood, its terms. Additionally, Gravely does not dispute that he understood the collateral attack waiver provision nor does he contend that the waiver itself is invalid.

Moreover, pursuant to Federal Rule of Criminal Procedure 11, before accepting the guilty plea, the court engaged in a plea colloquy with Gravely on August 18, 2006. During the plea colloquy Gravely indicated to the court that he was born on October 20, 1962, that he had completed high school, that he was literate, that he did not have any physical or mental disabilities, and that he

---

[2] In Lemaster, the court implicitly acknowledged that these discrete claims would also be considered outside the scope of a valid plea agreement waiver of § 2255 rights. 403 F.3d at 220 n.2.

was not under the influence of any drugs, alcohol, or medication that hampered his ability to understand the courtroom proceedings. The court reviewed with Gravely the constitutional rights he forfeited by pleading guilty, and Gravely indicated that he understood the rights he was giving up. Gravely was advised of the elements of the offenses that the government would have to prove and also the range of punishment as to each count, including the 60 month mandatory minimum as to Count Three. Gravely was also advised of the specific sentencing range agreement. The court noted that Gravely would be permitted to withdraw his plea of guilty if the court did not accept the agreement. Gravely indicated that he understood.

Gravely affirmed that he had received copies of the indictment and plea agreement and that he had been given ample opportunity to review those documents and consult with his counsel. The court specifically asked Gravely whether he and his counsel had discussed how the sentencing guidelines might apply to his case and Gravely, again, answered in the affirmative. The court also specifically noted that Gravely was waiving any right to collaterally attack the judgement of the court. The court determined, at the conclusion of the plea colloquy, that Gravely's plea was knowing and voluntary. Therefore, the court finds that Gravely's representations at the plea colloquy support a finding that the waivers in the written plea agreement were knowingly and voluntarily made.[3]

---

[3] Gravely alleges that his guilty plea was not knowing and voluntary because he is actually innocent of Count Three of the indictment. Count Three charged Gravely with knowingly using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, and aiding and abetting in the use and the carrying of a firearm during and in relation to, and in the possession of a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2. Gravely bases his contention that he is actually innocent on the recent decision of the Supreme Court of the United States in Watson v. United States, 128 S. Ct. 579 (2007). The Watson court held that a person does not "use" a firearm under 18 U.S.C. § 924(c)(1)(A) when he receives it in trade for drugs. However, the evidence supporting Count Three of the indictment indicates that Gravely did not receive a firearm in exchange for drugs as was the case in Watson. Instead, Gravely received money from the confidential informant in exchange for a firearm and cocaine. Thus, the facts in Watson are inapposite to the present case and Gravely provides the court with no other case law to support his claim that he did not "use" a firearm in relation to a drug trafficking offense. Indeed, prior to Watson, the Supreme Court held in Smith v. United States, 508 U.S. 223, 241 (1993), that the trading of a firearm for drugs, the exact opposite situation from Watson, was encompassed by the word "use" in the statute. Relying on Smith, the Watson

Accordingly, the court concludes that Gravely's waiver of his right to bring a collateral attack under § 2255 is valid and enforceable.

Finding that the waiver is valid, the court must now determine whether Gravely's claims are included within the scope of the waiver. After reviewing the record, the court finds that none of the factors that the United States Court of Appeals for the Fourth Circuit applied in <u>Attar</u> are applicable here. <u>See</u> <u>Attar</u>, 38 F.3d at 732-33. Gravely does not claim that his sentence of 144 months incarceration exceeded the statutory maximum for the charges for which he was convicted, nor does he allege that his sentence was premised on any constitutionally impermissible factor such as race. Gravely also does not allege the denial of counsel at any stage of the proceedings following the entry of the plea. Therefore, Gravely's claims fall within the scope of the plea agreement waiver and, thus, are not cognizable claims for post conviction relief in a motion brought pursuant to § 2255. Accordingly, the court will grant respondent's motion to dismiss and will deny Gravely's motion for relief pursuant to § 2255.

## IV.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." <u>United States v. Ringling</u>, 988 F.2d 504, 506 (4th Cir. 1993). Gravely knowingly and intelligently agreed to waive his right to collaterally attack his sentence in exchange for several concessions made by the United States, and he was sentenced in the manner to which he agreed, receiving substantial benefits from the plea agreement. The United States has adhered to its part of

---

court noted that, when Watson handed over the drugs for a firearm, the officer "used" the firearm to get the drugs but that Watson did not "use" the firearm in the trade. Using a similar reasoning in the current situation, a court could conclude that Gravely "used" the firearm when he traded the firearm and the drugs for money from the confidential informant. Accordingly, Gravely's underlying claim is without merit and fails to support a finding that his guilty plea was not knowing and voluntary at the time that it was entered.

7

the plea bargain. Granting Gravely relief on the issues he has raised, under these circumstances, would unfairly deny the United States an important benefit of its bargain. Accordingly, the court will grant the motion to dismiss. An appropriate order shall be issued this day.

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for respondent.

**ENTER:** This 15th day of July, 2008

Senior United States District Judge

8